914 F.2d 271
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Moliere H. THOMAS, Jr., Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 90-3232.
 United States Court of Appeals, Federal Circuit.
 Aug. 15, 1990.
 
 Before MARKEY*, MAYER and LOURIE, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Moliere H. Thomas, Jr. appeals from the decision of the Merit Systems Protection Board (Board), No. PH831E8910266, made final on February 7, 1990, affirming the Office of Personnel Management's (OPM) denial of his application for disability retirement upon his removal from the position of mailhandler by the United States Postal Service, Bellmawr, New Jersey, effective December 3, 1986. We affirm.
 
 OPINION
 
 2
 We review the Board's decision to determine if it is arbitrary, capricious, an abuse of discretion, procedurally defective, or unsupported by substantial evidence. 5 U.S.C. Sec. 703(c) (1988).
 
 
 3
 Thomas makes five arguments: (1) the Board did not consider that the ten disciplinary actions were in response to grievances by a union against the OPM; (2) the Board did not review a doctor's note; (3) the Board failed to consider he was a disabled veteran; (4) the Board failed to consider that he was a postal employee for eight years; (5) his performance was not inadequate.
 
 
 4
 Thomas' allegation (1) must fail. The ten disciplinary actions relate to Thomas' performance and not to his disability and this petition. Since the Board was not reviewing his removal, it was not error for the Board not to have considered the disciplinary actions. Thomas' allegation (2) must also fail because the Board did review the doctor's note while making its determination that Thomas did not satisfy his burden of proving that he could no longer render useful and efficient service. This finding is supported by substantial evidence.
 
 
 5
 Thomas' allegation (3) is also unavailing because the fact that the petitioner was a disabled veteran is not relevant to seeking disability retirement after being removed from a postal service position. Thomas' allegation (4) must also fail because the Board did consider that the petitioner had been a postal service employee for more than eight years.
 
 
 6
 Finally, Thomas' allegation (5) cannot prevail because the Board found that there was not the required preponderant amount of evidence that the medical conditions of Thomas rendered him unable to perform his duties. The Board found that the deficiency in Thomas' service was due to absences without leave rather than deficient performance due to a medical condition. This finding also is supported by substantial evidence.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Circuit Judge Markey vacated the position of Chief Judge on June 27, 1990